UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 2 2 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Lawrence A. Murray, )
)
    Plaintiff, )
)
v. ) Civil Action No. 17-2499 (UNA)
)
Madelyn Daniels *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, a District of Columbia resident, sues to inherit his wife's estate. His allegations establish that the matter is properly in the probate division of the Superior Court of the District of Columbia. Indeed, plaintiff characterizes this action as an "Appeal Against Findings of Judge Erik P. Christians [sic] and his [two] Co-Conspirators," Compl. at 3, who are the named defendants in this case and participants in the probate proceedings.

The factual allegations do not present a federal question or a basis for diversity jurisdiction, and "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v. D.C. Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)); *see Prentice v. U.S. Dist. Court for E. Dist. of Michigan, S. Div.*, 307 Fed. App'x 460, 460 (D.C. Cir. 2008) (per curiam) (noting that "a challenge to a state court action must proceed through that state's system of appellate review rather than through a federal district court") (citing *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994) (other citations omitted)). As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: December 21, 2017

United States District Judge